LOUIS F. ROTHCHILD ET AL., TRADING AS L. F. ROTH-CHILD & COMPANY, PLAINTIFFS-APPELLEES, v. RICH-ARD ABELES, DEFENDANT-APPELLANT.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Israel B. Greene.*

For the appellees, *Saul & Joseph E. Cohn.*

PER CURIAM.

The plaintiffs below allege that they were authorized by the defendant on April 30th, 1928, to sell one hundred shares of stock of Hanover Fire Insurance Company, and did make such sale on the same day to J. K. Rice, Jr., & Company at $88 per share, and on the same date forwarded notice and confirmation of such sale to the defendant.

The stock in question was in the possession of the North Ward National Bank. On May 7th, 1928, the plaintiffs tendered payment to the bank and demanded delivery of the stock. Such delivery was refused. Plaintiffs then went into the open market and purchased stock in order to make delivery to its purchaser. They were required to pay $652 more than the price at which they had sold to their customer

and brought suit against the defendant for $500, waiving the difference in order to bring the cause within the jurisdiction of the District Court.

The cause was tried without a jury and there was a finding and judgment in favor of the plaintiffs for $500. From this judgment the defendant appeals, and urges four grounds for reversal.

1. That there is no evidence to sustain the action or judgment. It is urged that the action is for money had and received by the defendant for his use and that in such a case there can be no recovery unless there be a promise from the defendant, expressed or implied, and that here there was no such promise shown unless it is to be inferred from the confirmation of sale in the words "for his account and risk," but that such an inference is not permissible because the meaning of this language was not shown. It is further urged under this point that when the plaintiffs made the sale to their customer their engagement was at an end and they were in nowise concerned that their principal, the defendant, did not make delivery to the purchaser. That such is not the law, applicable or controlling such a transaction requires and calls for no citation of authority.

The plaintiffs were responsible and answerable to their customer to whom they sold the stock of the defendant and for loss they sustained through the default of their principal, the defendant, and to the extent of any transaction which was within the terms of the agency between the plaintiffs and the defendant, the latter was answerable to them. *2 C. J. 793*, §§ *458 et seq.* (*tit. "Agency"*).

In such a situation and under such conditions and circumstances there is an implied promise in favor of the agent or broker. *Rodman* v. *Weinberger,* 81 *N. J. L.* 441.

2. That time was the essence of the contract between the plaintiffs and defendant.

In this respect there is a conflict in the proofs. The plaintiffs' showing is that the authorization to sell was April 30th; that the sale was made that day and notice and con-

firmation thereof went to defendant on that date. On May 7th the plaintiffs received a letter from the defendant, dated April 30th, post-marked "Newark, May 5th," and actually received May 7th, and which is as follows:

"In accordance with a conversation had with Mr. Harold Friedman of your office in Newark, we have sold one hundred shares of Hanover Fire Insurance Stock at $88 per share; these shares to be taken up by you not later than May 1st, 1928, at the North Ward National Bank, at Broad and Orange streets, Newark."

At the receipt of this letter by the plaintiffs the date fixed therein for taking up the stock had passed by some six days, nevertheless the plaintiffs at once proceeded to tender the full selling price to the bank, which refused to accept it and deliver the stock.

The contention and testimony of the defendant was that his contract with the plaintiffs was to sell the stock on April 30th and make payment therefor, and take it up at said bank not later than the next day, May 1st, and that they having failed so to do he rescinded the contract and sold the stock in order to pay the amount he owed the bank and for which such stock was pledged.

Under these disputed facts the trial judge found against the defendant. In such a situation, where there are facts to support the finding, although in dispute, this court will not, upon appeal, reverse or set aside the findings of fact by the court below.

3. That the plaintiffs having previously brought an action in another court for the same cause and having there alleged that the transaction was one of sale and in another count that it was a brokerage transaction and having in such suit abandoned the first contention and having been nonsuited upon the second, there was established an election of remedies as against the plaintiffs prohibiting them from having the present action.

We find no legal substance in this contention.

4. That there is no legal evidence of damage.

This is likewise without any merit in fact or law.

At page 26 of the state of case, counsel for the defendant said: "We will admit for the purpose of shortening the case that that ($652) is the loss which they sustained, assuming that they are entitled to recover."

The judgment under review is affirmed.